UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket No.             **04 10369 NG**

BLACKSMITH INVESTMENTS, LLC.         )
           Plaintiff,    )
Vs.                                  )
                            )    **COMPLAINT**
CIVES STEEL CO., INC.,               )
NEW ENGLAND DIVISION                 )
           Defendant,    )

RECEIPT # 54072
AMOUNT $150
SUMMONS ISSUED: yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 2/24/04

**GENERAL ALLEGATIONS**

1. The Plaintiff, Blacksmith Investments, LCC is a limited liability Corporation with offices at 11 Blacksmith Way, Saugus, Massachusetts.

2. Plaintiff Blacksmith Investments, LLC paid the assignment and bank debt of Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. and in so doing is signatory to a promissory note entitled to all the rights and remedies that the bank was entitled to as lien holder of Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc.

3. Defendant Cives Steel Co., Inc., New England Division, hereinafter Cives, is a steel fabricator with an usual place of business at Riverside Drive, P.O. Box 859, Augusta, ME 04332.

4. Boston Steel & Precast Erectors, Inc., hereinafter BSPE, subcontracted with Cives for the Manulife project, Boston, Massachusetts.

5. BSPE interests are those of Blacksmith Investments, LLC.

6. Defendant Cives, is signatory to Contract with BSPE and modifications to that contract for change orders it issued and otherwise directed BSPE to perform.

**COUNT I.    BREACH OF CONTRACT**

7. Plaintiff realleges the allegations set forth in paragraphs one through six of the Complaint.

8. Boston Steel & Precast Erectors, Inc. contracted with Cives, as a steel erector for the project known as Manulife.
9. Defendant Cives contract with BSPE, including extras, is the sum of $3,885,363.82.
10. Defendant Cives contracted to pay BSPE $3,883,363.82 for erection of steel at the Manulife project.
11. Defendant Cives payments to BSPE and to BSPE sub-subcontractors on behalf of BSPE is the sum of $3,671,390.03.
12. Defendant Cives has an outstanding balance due BSPE/Blacksmith in the amount of $213,973.79 on the original contract.
13. Defendant Cives has failed to pay and has refused to pay BSPE/Blacksmith Investments LLC the balance due of $213,973.79.
14. Plaintiff, Blacksmith Investments, LLC states that it is owed the total sum of $213,973.79, moneys otherwise payable to BSPE.

**Wherefore**, Plaintiff Blacksmith Investments, LLC respectfully request the following relief:
   a. That the Court find Defendant Cives breached the Contract in the amount of $213,973.79;
   b. That the Court find Defendant Cives breached the Contract for written change orders and such other oral change orders directed by Cives to be performed by Boston Steel & Precast Erectors, Inc.;
   c. That Plaintiff Blacksmith Investments, LLC as lien holder of Boston Steel & Precast Erectors, Inc. is entitled to the contract balances and change orders subject of this action;
   g. Such other relief as is just and reason reasonable.

**COUNT TWO:      MISREPRESENTATION**

15. Plaintiff realleges the allegations set forth in paragraphs one through fourteen of the Complaint.
16. Defendant represented Boston Steel & Precast Erectors, Inc. would be paid upon completion of their work in accordance with the terms of the Contract.
17. Plaintiff Blacksmith Investments LLC states that Boston Steel & Precast Erectors, Inc. has completed all contract work, and extras, for which it invoiced Cives.
18. Plaintiff Blacksmith Investments LLC says that Boston Steel & Precast Erectors, Inc. reasonably relied upon the defendant that BSPE would be paid in full.
19. Defendant has failed to pay BSPE or Blacksmith Investments LLC in full for the completed Contract and extra work.

**Wherefore**, Plaintiff Blacksmith Investments LLC respectfully requests the following relief:
   a. That the Court find Defendant misrepresented payment of contract and extra work would be paid BSPE;
   b. That the Court find Defendant withheld payment to BSPE based upon a misrepresentation;
   c. That to have withheld moneys otherwise due BSPE entitles Plaintiff to recover their reasonable legal fees and costs;
   d. That to the extent BSPE is due money from the Defendant, Plaintiff Blacksmith Investments LLC is entitled to recovery of those moneys;
   e. Such other relief as is just and reasonable.

**COUNT THRE:    DECEIT**

20. Plaintiff realleges the allegations set forth in paragraphs one through nineteen of the Complaint.

21. Defendant led Boston Steel & Precast Erectors, Inc. to believe that upon completion of their work, that BSPE would be paid in full.
22. Boston Steel & Precast Erectors, Inc. reasonably relied upon the Cives assertions that BSPE would be paid.
23. Boston Steel & Precast Erectors, Inc. have not been paid in full.
24. Defendant has deceived BSPE with regard to timely payment.
25. Boston Steel & Precast Erectors, Inc. has been damaged as a result of Defendant's acts and conduct.

**Wherefore**, Plaintiff Blacksmith Investments, LLC respectfully request the following relief:

a. That the Court find Defendant deceived BSPE that defendants have written BSPE authorization to withhold payments;
b. That the Court find Defendant deceived BSPE;
c. That the Court award Plaintiff their reasonable legal fees and costs;
d. That the Court award Plaintiff the contract and extras due on the aforementioned project;
e. Such other relief as is just and reasonable.

Blacksmith Investments, LLC
By their Attorney,

Guy E. Guarino
BBO No. 213960
72 Country Club Way
Ipswich, MA 01938
(978) 356-7500

Dated:    February 19, 2004

4