IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BLACKSMITH INVESTMENTS, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Docket No. 04 10369 NG |
| CIVES STEEL CO., INC., NEW ENGLAND DIVISION, | ) ) ) ) | **ORAL ARGUMENT REQUESTED** |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

The Defendant Cives Corporation (sued herein as Cives Steel Co., Inc., New England Division), respectfully moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the February 19, 2004 Complaint of the plaintiff Blacksmith Investments, LLC ("Blacksmith") inasmuch as Blacksmith can prove no set of facts in support of its claims for breach of contract, misrepresentation and/or deceit which would entitle it to relief.

Additionally, the Complaint should be dismissed pursuant to Rules 12(b)(1), 12(b)(3) and 12(b)(7) because it fails to plead that this Court has subject matter jurisdiction over Blacksmith's claims as required by Rule 8(a)(1); fails to plead fraud with the specificity required under Rule 9(b); fails to include a statement of proper venue under 28 U.S.C. § 1391(a); and fails to join its alleged assignee, Boston Steel Erectors, Inc. ("BSE") as a necessary party under Rule 19(a)(2)(ii).

More specifically, Blacksmith has no standing to sue for breach of contract. Blacksmith has no privity with Cives and Blacksmith is not a third-party beneficiary to the Cives-BSE contract ("Contract"). In fact, the Contract specifically prohibits the very assignment upon which Blacksmith bases its claim. Accordingly, Blacksmith's claim for breach of contract must fail.

Blacksmith's claims for misrepresentation and deceit[1] must also fail because the alleged "misrepresentation" (that Cives would pay BSE upon completion of its work), was not made *to Blacksmith*, but instead was allegedly made *to BSE* who is not a party herein. However, even if BSE was made a party to this litigation, Blacksmith's claims would nevertheless fail because the representation alleged is merely a "promise" and not a representation of "fact" as required by Massachusetts' law. Additionally, Blacksmith has not and cannot demonstrate that it or BSE relied upon the alleged "misrepresentation" because BSE already had a pre-existing obligation to perform its construction services under the Contract.

In support of its motion, Cives submits its Memorandum of Law, the Affidavit of Martin C. Keniston attaching a copy of the BSE/Cives Contract and Cives' Local Rule 7.1(a)(2) Certification.

WHEREFORE, Cives respectfully requests that this Court:

1.  Dismiss Blacksmith's Complaint in its entirety and with prejudice;
2.  Award Cives its fees, costs and expenses for having to prepare the instant motion;
3.  Award Cives such other, further and different relief that this Court deems just and proper.

---

[1] Blacksmith relies upon the same facts to support both of its claims for deceit and misrepresentation.

B0373800.DOC;1

                                                CIVES CORPORATION

                                                /s/ Joseph A. Barra
                                                Joseph A. Barra
                                                BBO# 632534
                                                Gadsby Hannah, LLP
                                                225 Franklin Street
                                                Boston, MA 02110
                                                jbarra@ghlaw.com
                                                (617) 345-7061

Dated:  August 13, 2004

## CERTIFICATE OF SERVICE

This is to certify that I have this 13th day of August, 2004 I served the opposing party in this action with the attached **DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** via United States Mail, with proper postage affixed, addressed to the following:

                            Guy E. Guarino, Esq.
                            BBO No. 213960
                            72 Country Club Way
                            Ipswich, Massachusetts 01938

                                                /s/ Joseph A. Barra