IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLACKSMITH INVESTMENTS, LLC, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Docket No. 04 10369 NG<br>) |
| CIVES STEEL CO., INC., NEW ENGLAND DIVISION, | )<br>)<br>) |
| Defendant. | )<br>) |

**MEMORANDUM OF LAW
in support of
<u>DEFENDANT'S MOTION TO DISMISS</u>**

The Defendant Cives Corporation (sued herein as Cives Steel Co., Inc., New England Division), respectfully submits this Memorandum of Law in support of its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the February 19, 2004 Complaint of the plaintiff Blacksmith Investments, LLC ("Blacksmith") inasmuch as Blacksmith can prove no set of facts in support of its claims for breach of contract, misrepresentation and/or deceit which would entitle it to relief.

Additionally, the Complaint should be dismissed pursuant to Rules 12(b)(1), 12(b)(3) and 12(b)(7) because it fails to plead that this Court has subject matter jurisdiction over Blacksmith's claims as required by Rule 8(a)(1); fails to plead fraud with the specificity required under Rule 9(b); fails to include a statement of proper venue under 28 U.S.C. § 1391(a); and fails to join its alleged assignee, Boston Steel Erectors, Inc. ("BSE") as a necessary party under Rule 19(a)(2)(ii).

## PRELIMINARY STATEMENT

The Complaint's contract claim must fail because Blacksmith has no standing to sue for breach of contract. Blacksmith has no privity with Cives and Blacksmith is not a third-party beneficiary to the Cives-BSE contract ("Contract"). In fact, the Contract specifically prohibits the very assignment upon which Blacksmith bases its claim.

Blacksmith's claims for misrepresentation and deceit[1] must also fail because the alleged "misrepresentation" (that Cives would pay BSE upon completion of its work), was not made *to Blacksmith*, but instead was allegedly made *to BSE* who is not a party herein. However, even if BSE was made a party to this litigation, Blacksmith's claims would nevertheless fail because the representation alleged is merely a "promise" and not a representation of "fact" as required by Massachusetts' law. Additionally, Blacksmith has not and cannot demonstrate that it or BSE relied upon the alleged "misrepresentation" because BSE already had a pre-existing obligation to perform its construction services under the Contract.

## ARGUMENT

**1.  Blacksmith's claim for breach of contract should be dismissed.**

   A.  <u>Blacksmith has no rights under the Contract</u>.

Cives retained BSE to erect certain steel for the construction of the Manulife building in Boston, MA.[2] Notably, Blacksmith does not allege that was a signatory or a third-party beneficiary to the Contract. Rather, Blacksmith's breach of contract claim hinges upon a story about a certain transaction with a nameless bank. Pursuant to Complaint, Blacksmith allegedly paid an unmonetized amount for an unspecified assignment and in

---

[1] Blacksmith relies upon the same facts to support both of its claims for deceit and misrepresentation.
[2] Complaint ¶¶ 4 and 8.

2

return, received an undisclosed promissory note.[3]  Based upon this vague transaction, Blacksmith alleges that it "…is entitled to all the rights and remedies that **the [nameless] bank was entitled to** as lien holder of…BSE.[4]  (Emphasis Added.)

Notably, Blacksmith fails to include any documentary evidence of these transactions with the Complaint.  Nevertheless, even if these transactions did take place, the Contract specifically precludes BSE from assigning any of its rights without Cives' prior written permission.  Specifically, Article 16 of the Contract states:

> [BSE] shall not sub-contract its Work under this Subcontract and **shall not assign or transfer this Subcontract, or funds due hereunder**, without prior written consent of [Cives] and [BSE's] surety.  [Cives] shall not unreasonably withhold its consent to the assignment of funds due hereunder.  (Emphasis added).

However, even if the Contract's prohibition against the Blacksmith assignment didn't apply, the Complaint would still fail by its own terms as Blacksmith has failed to allege that it possesses any rights in the subject Contract.[5]  Accordingly, Blacksmith has failed to meet its burden of demonstrating that it has a right to sue on the subject Contract and its breach of contract claim should be dismissed.

2. **Blacksmith's claims for misrepresentation and deceit should be dismissed.**

   A. The "representation" upon which Blackstone's claims are mistakenly premised
       upon a "promise" and not a "fact" as required under Massachusetts law.

In Massachusetts, the elements of an action for deceit and/or misrepresentation are a material misrepresentation of fact that was made with knowledge of its falsity, with

---

[3] Complaint ¶ 2.
[4] Complaint ¶¶ 2, 14(c).
[5] In paragraph no. 5 of the Complaint, Blacksmith broadly alleges that BSE's interests are "those of" Blacksmith's, but fails to identify or describe what those rights are.

3

the intent that it be relied upon by the plaintiff and reliance by the plaintiff to his or her detriment. *Barrett Associates, Inc. Aronson,* 346 Mass.150, 190 N.E.2d 867 (1963); *Gabriel v. Borowy,* 326 Mass.667, 672, 96 N.E.2d 243 (1951); *Kilroy v. Barron*, 326 Mass.464, 465, 95 N.E.2d 190 (1950).[6]

The misrepresentation must be of an existing material fact. *Dawe v. Morris,* 149 Mass.188, 191, 21 N.E. 313, 314 (1889). False statements of conditions to exist in the future, or of matters that are *promissory* in nature are not actionable. *Fogarty v. Van Loan*, 344 Mass. 530, 183 N.E.2d 111(1962) *quoting, Yerid v. Mason,* 341 Mass.527, 170 N.E.2d 718 (1960) (Emphasis added).[7]

In the instant matter, Blacksmith's claims for misrepresentation and deceit are incorrectly grounded upon two *promises.* In paragraph no. 16 of the Complaint (Misrepresentation), Blacksmith alleges that "[Cives] represented [sic] Boston Steel & Precast Erectors, Inc. would be paid upon completion of their work in accordance with the terms of the Contract." Again in paragraph no. 21 of the Complaint (Deceit), Blacksmith alleges that "[Cives] led Boston Steel & Precast Erectors, Inc. to believe that upon completion of their work, that BSE would be paid in full." These assertions are not representations of fact, but instead are merely oral promises of future performance and thus are not actionable under Massachusetts' law.

---

[6] In Massachusetts, a claimant alleging *negligent* misrepresentation need not show that the representation was intentional, merely negligent. *See, Nycal Corp. v. KPMG Peat Marwick LLP*, 426 Mass.491, 498, 688 N.E.2d 1368, 1373 (1998). In the instant matter, Blackstone fails to specify whether its claim is based upon a negligent or deliberate misrepresentation. Nevertheless, the distinction is irrelevant as Blackstone can demonstrate neither.

[7] Under certain circumstances, a false promise *may* constitute a fraudulent inducement, if at the time it was made, the declarant did not intend to carry it out. *Botti v. Iovino, 337 Mass.775, 151 N.E.2d 257 (1958).* However, Blacksmith does not specifically allege that Cives fraudulently *induced* BSE to enter into the Contract, but even if it did, Blacksmith has not and cannot satisfy Massachusetts' Statute of Frauds which mandates that all such inducements be in writing. M.G.L. c. 259 §4.

      B.  <u>Blacksmith did not and could not have reasonably relied upon any such representation</u>.

In order to be actionable, a plaintiff must prove that *it* relied upon the defendant's misrepresentations. *McLearn v. Hill,* 276 Mass.519, 527, 177 N.E.617, 620 (1931). (Emphasis added). This Blacksmith can never do since it had nothing to do with the performance of the Contract at issue. Nevertheless, even if Blacksmith could somehow demonstrate (despite the Contract's anti-assignment clause), that it legally inherited such a claim from BSE (via the undisclosed bank's unspecified lien interests), Blacksmith must also demonstrate that BSE's reliance upon Cives' purported misrepresentations was a material influence or a substantial factor in performing the Contract. *National Shawmut Bank v. Johnson,* 317 Mass.485, 490, 58 N.E.2d 849, 852 (1945). In the instant matter, Blacksmith cannot prove any set of facts to substantiate this element because BSE already had a pre-existing obligation to perform its construction services under the Contract. Accordingly, Blacksmith's claims for misrepresentation and deceit must fail.

    **3.**    **The Complaint fails to allege fraud with sufficient specificity as required by Rule 9(b).**

Rule 9(b) of the Federal Rules of Civil Procedure requires Blacksmith to plead the circumstances that constitute the alleged fraud with particularity. The Complaint must provide factual support or it will be dismissed for its failure to allege specific facts as to the time, place and content of the alleged false or fraudulent misrepresentations. *Greenstone v. Cambex Corp.,* 975 F.2d 22, 25 (1st. Cir. 1992); s*ee also*, *Powers v. Boston Cooper Corp*., 926 F.2d 109, 111 (1st Cir. 1991). Blacksmith's ambiguous allegations fail to comply with the Statute's requirements and thus should be dismissed.

4.      **The Complaint fails to properly plead this that this Court has Subject Matter Jurisdiction over Blacksmith's claims.**

Rule 8(a)(1) of the Federal Rules of Civil Procedure requires Blacksmith to plead a statement of the grounds upon which the Court's subject matter jurisdiction depends. Failure to do so warrants dismissal under Rule 12(b)(1). *Mamber* v. *Second Fed. Sav. & Loan Ass'n.*, 275 F. Supp. 170 (D. Mass. 1967).

In diversity cases involving corporations, a complaint must include the place of incorporation and principal place of business of each entity. *See, Jobbers Warehouse Service, Inc. v. Maremont Corp.,* 453 F.Supp. 840 (D. Mass. 1978)(stating that "[i]t is well-settled that in a diversity action involving two corporations, the language of the complaint <u>must</u> include explicit allegations of each party's place of incorporation and of each party's principal place of business") (Emphasis added); S*ee, also, Comstock v. Pfizer Retirement Annuity Plan*, 524 F. Supp. 999, 1002 n.4 (D. Mass. 1981)("A corporation is a citizen of both its place of incorporation and principal place of business . . . A complaint <u>must</u> show both") (Emphasis added).

In the instant matter, the Complaint fails to specify all of the information for either entity (e.g.: place of incorporation). At a minimum, these allegations are necessary in order to establish the residency of each party and properly invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, Blackstone's failure to meet the Statute's requirements warrants dismissal.

5.      **Blacksmith has failed to join BSE as a necessary party.**

Rule 19(a)(2)(ii) of the Federal Rules of Civil Procedure requires Blacksmith to join BSE as a necessary party to the action. BSE is "necessary" because Cives is at substantial risk of incurring double or inconsistent liability as a result of being sued

individually by BSE for the same claims that Blacksmith is asserting herein.  A complaint will be dismissed under Rule 12(b)(7) whenever it appears that the defendant will be at substantial risk of multiple lawsuits. *Fosbroke v. Emerson College*, 503 F. Supp. 256 (D. Mass. 1980).  Accordingly, the Complaint should be dismissed.

## **CONCLUSION**

The Complaint's contract claim must fail because Blacksmith has no standing to sue for breach of contract.  Blacksmith has no privity with Cives and Blacksmith is not a third-party beneficiary to the Contract.  In fact, the Contract specifically prohibits the very assignment upon which Blacksmith bases its claim.

Blacksmith's claims for misrepresentation and deceit must also fail because the alleged "misrepresentation" was not made *to Blacksmith*, but instead was allegedly made *to BSE* who is not a party herein.  However, even if BSE was made a party to this litigation, Blacksmith's claims would nevertheless fail because the representation alleged is merely a "promise" and not a representation of "fact" as required by Massachusetts' law.  Additionally, Blacksmith has not and cannot demonstrate that it or BSE relied upon the alleged "misrepresentation" because BSE already had a pre-existing obligation to perform its construction services under the Contract.

CIVES CORPORATION

/s/ Joseph A. Barra
Joseph A. Barra
BBO# 632534
Gadsby Hannah, LLP
225 Franklin Street
Boston, MA  02110
jbarra@ghlaw.com
(617) 345-7061

August 13, 2004

## CERTIFICATE OF SERVICE

This is to certify that I have this 13th day of August, 2004 I served the opposing party in this action with the attached **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** via United States Mail, with proper postage affixed, addressed to the following:

Guy E. Guarino, Esq.
BBO No. 213960
72 Country Club Way
Ipswich, Massachusetts 01938

/s/ Joseph A. Barra