UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket No. 04 10369 NG

BLACKSMITH INVESTMENTS, LLC. )
                Plaintiff, )
Vs. )
 )
CIVES STEEL CO., INC., )
NEW ENGLAND DIVISION )
                Defendant, )

### PLAINTIFF BLACKSMITH INVESTMENTS, LLC MOTION IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT

The Plaintiff Blacksmith Investments, LLC allegations within the Complaint demonstrates that it has sufficient facts to support breach of contract, misrepresentation and deceit. The Plaintiff need not prove every factual detail.

I.    Diversity

Blacksmith is entitled to seek recovery pursuant to 28 U.S.C.A. § 1332. "(c) For the purposes of this section and section 1441 of this title--

"(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business".

Plaintiff is a Massachusetts LLC and Defendant is

Plaintiff is a Massachusetts LLC and Defendant is a Maine corporation. section 41(1) of Title 28, U.S.C., 1940 ed. Therefore the revised language covers civil actions between Citizens of a State, and citizens of other States and foreign states or citizens or subjects thereof; Citizens of different States".

2.    Complaint damages exceed the diversity minimum required.

3.    A defendant's capacity need not be pleaded, except in the extent required to show jurisdiction, and failure to allege official or individual capacity in the caption is merely a formal error and not a fatal defect.

Gray v. University of Kansas Medical Center, College Health Sciences, School of Nursing. D. Kan. 1989, 715 F. Supp. 1041.

II. Fraud

4. "Failure of complaint alleging fraud to use the word "fraud" would not violate rule requirement that fraud complaints state the circumstances constituting the fraud with particularity. **Jurgens v. Abraham, D.C.Mass. 1985, 616F.Supp.1381**

5. The complaint alleges misrepresentation. "Negligent misrepresentation claims need not be pled with particularity required of fraud claims." **Fidelity National Title Ins. Co. of New York v. Intercounty Title Ins. Co., N.D. Ill., 2001, 161 F. Supp..2d 876.**

6. If the allegations of Cives misrepresentations rise to a level constituting fraud, through discovery, then the Complaint will be amended.

7. Cives has exclusive knowledge of the facts.

"Less particularity in pleading fraud is required where plaintiff asserts that fraud was committed against third party and facts are exclusively within adverse parties' knowledge." **Elgin Sweeper Co. v. Melson Inc., N.D.N.Y.1995, 884 F.Supp. 641.**

8. Exception to pleading fraud exists where the facts upon which the fraud exists is based on facts in defendants control. **Chisholm v. Foothill Capital Corp., N.D.Ill.1996, 940 F.Supp. 1273.** Requiring pleading fraud may be relaxed. **DGM Investments, Inc. v. New York Futures Exchange, Inc., S.D.N.Y.2003, 265 F.Supp.2d 254, reconsideration denied 2003 WL 22420434.**

III. Misrepresentation

10. Blacksmith is entitled to modifications that increased the contract balances between BSE/BSPE and

Cives. The Complaint alleges that Cives represented the extra work would be payable upon completion.

11. The Cives contract recognizes that Boston Steel and Cives are bound to the construction contract documents of required scope of work.

12. The representations by Cives are factual as change requests, drawing changes, time and material signed slips for the work performed related to the actual changes, are based upon facts, not promises. The Plaintiff can demonstrate these facts, but need not do so within the Complaint pleadings.

13. The misrepresentations are not promises.

14. The allegations in the Complaint are sufficiently pled. "In an action by seller for alleged breach of written contract for purchase of seller's business assets, including accounts and notes receivable, answer sufficiently alleged defense based on fraud in that seller falsely represented that notes and accounts were collectable, that buyer had no knowledge that they were not collectable, and that buyer relied upon the representations. **Massey-Ferguson, Inc. v. Bent Equipment Co., C.A.5(Fla) 1960, 283 F.2d.12.**

IV.  Breach of Contract

15. "Failure to plead with particularity would not result in dismissal, but rather court would allow plaintiff opportunity to amend pleadings." **Nagle v. Merrill Lynch, Pierce, Fenner & Smith, Inc. S.D. Iowa 1992 790F.Supp.203.**

16. Both parties had pre-existing obligations to perform the contract. When Cives refused payment, this defendant breached the contract.

17. BSE had no pre-existing obligation to perform any work not shown by details in the contract drawings and identified within the specifications.

18. Modifications to a contract, i.e., promise to pay upon completion of the contract work depends upon factual

3

performance of the work, and acceptance of the work, all pursuant to the project terms, construction specifications, etc. The Cives contract attached to Mr. Kenniston's affidavit indicates the project Contract Documents, specifications, are a part of the Cives contract. The contract changes are not promises to pay, variations from the contract documents, are not promises to pay.

19. Every contract depends upon payment to avoid breach. Not oral but written contract.

20. Modification to the contract, change requests, are obligations set forth in the project contract documents that Cives and Boston Steel agreed to be bound. Not oral promises.

21. Every contract is a promise, a written option promise to perform or not perform.

V.   Deceit

22. Deceit is based upon the facts of actual changes to the scope or manner of the work not within the contract documents. Not promises.

23. The affidavit of Mr. Keniston does not address changes in the work. It proves the contract, exists.

24. The Kenniston affidavit does not address any changes in the work in a complex large project, the field slips, extra work field orders, drawing revisions and changes introduced at the project that were performed by BSE and those extra work items performed by the completion contractor.

VI.   Efforts to settle action prior to Cives files Answer to Complaint.

25. The Defendant has requested and been granted a number of extensions of time within which to respond to the Complaint. At no time has there been an issue that the Complaint allegations are not understandable, vague, and required a more definite statement.

4

To the extent the Court deems a more definite statement is required Plaintiff will amend the Complaint. A required "more definite statement" is not fatal and leave is generally provided in such instances.

          Respectfully submitted,
          Blacksmith Investments, LLC.
          By their attorney,

          Guy E. Guarino
          BBO NO. 213960
          72 Country Club Way
          Ipswich, MA   01938
          (978) 356-7500

## CERTIFICATE OF SERVICE

I, Guy E. Guarino, attorney for Blacksmith Investments, LLC certify that I have this date mailed, first class mail, postage prepaid a copy of Plaintiffs Motion and Memorandum of Law In Opposition to Defendants Motion To Dismiss The Complaint to:

Joseph Barra, Esq.
Gadsby Hannah, LLP
225 Franklin Street
Boston, MA  02110

Dated: August 26, 2004            Guy E. Guarino