UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket No. 04 10369 NG

BLACKSMITH INVESTMENTS, LLC. )
                Plaintiff, )
Vs. )
                 )
CIVES STEEL CO., INC., )
NEW ENGLAND DIVISION )
                Defendant, )

**PLAINTIFF BLACKSMITH INVESTMENTS, LLC MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT**

Background

Blacksmith Investments, LLC's Complaint states "Plaintiff Blacksmith Investments, LLC paid the assignment and bank debt of Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. and in so doing is signatory to a promissory note entitled to all the rights and remedies that the bank was entitled to as lien holder of Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc." Rights to recover any and all claims includes contract balances, extra work claims, damages, misrepresentation, deceit, etc. The Note purchased indicates Blacksmith Investments, LLC shares the rights BSE had in their contracts, claims, etc. It therefore enjoys the position of rights that would inure to Boston Steel Erectors, Inc.

    Blacksmith Investments, LLC, therefore has the ability to recover damages between Cives and BSE. Blacksmith Investments, LLC, is entitled to enforce the rights of Boston Steel Erectors which rights include representations made to Boston Steel Erectors, Inc.

    Boston Steel Erectors under the facts is not a necessary party.

The Complaint relates to Boston Steel Erectors a Massachusetts structural steel erector who contracted with Cives, a State of Maine steel fabricator, for erection of steel at a Massachusetts project.

Blacksmith purchased the notes of both BSE and BSPE to recover all outstanding receivables, one of which is Defendant Cives. Cives contends the moneys due BSE were paid to another steel erector to complete BSE uncompleted work. BSE contends it had completed nearly all the original contract work and is entitled to the contract and extra work change orders it performed for Cives.

**ARGUMENT**

1. <u>Diversity</u>

Blacksmith is entitled to seek recovery pursuant to 28 U.S.C.A. § 1332. "(c) For the purposes of this section and <u>section 1441</u> of this title--

"(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business".

Plaintiff is a Massachusetts LLC and Defendant is a Maine corporation.

The Complaint contract damages of $230,000.00 claimed are well beyond the diversity required minimum.

Section 1332 "is intended to cover all diversity of citizenship instances in civil actions in accordance with the judicial construction of the language in the original <u>section 41(1) of Title 28, U.S.C., 1940</u> ed. Therefore the revised language covers civil actions between Citizens of a State, and citizens of other States and foreign states or citizens or subjects thereof; Citizens of different States".

A defendants capacity need not be pleaded, except in the extent required to show jurisdiction, and failure to allege official or individual capacity in the caption is nerely a formal error and not a fatal defect. **Gray v.**

2

**University of Kansas Medical center, College Health Sciences, School of Nursing. D. Kan. 1989, 715 F. Supp. 1041.**

    2.    <u>Fraud - Federal civil Procedure Rules 12(b)(1)(3)(6)(7)</u>

Defendants argue the Complaint should be dismissed pursuant to Rules 12(b)(1)(3)(7) as Blacksmith has not alleged fraud with specificity.

Blacksmith has not alleged fraud as a count in the Complaint. While the defendant relies upon particularity with regard to fraud, there is no fraud allegation within the Complaint, as the facts that may determine fraudulent acts are within the control of the defendant. "Failure of complaint alleging fraud to use the word "fraud" would not violate rule requirement that fraud complaints state the circumstances constituting the fraud with particularity. **Jurgens v. Abraham, D.C.Mass. 1985, 616F.Supp.1381**

If the allegations of Cives misrepresentations rise to a level constituting fraud, through discovery, then the Complaint will be amended. Plaintiffs' claim of misrepresentation is separate and distinct from fraudulent misrepresentation. "Negligent misrepresentation claims need not be pled with particularity required of fraud claims." **Fidelity National Title Ins. Co. of New York v. Intercounty Title Ins. Co., N.D. Ill., 2001, 161 F. Supp..2d 876.**

"Less particularity in pleading fraud is required where plaintiff asserts that fraud was committed against third party and facts are exclusively within adverse parties' knowledge." **Elgin Sweeper Co. v. Melson Inc., N.D.N.Y.1995, 884 F.Supp. 641.**

Here, the information as to fraud would be exclusively within defendant Cives' knowledge. "Even in fraud cases, there is exception to requirement that allegation be pleaded with particularity in complaint when facts on which

allegations are based are in defendant's control." **Chisholm v. Foothill Capital Corp., N.D.Ill.1996, 940 F.Supp. 1273.**

"Under rule requiring that fraud be pled with particularity, pleading requirements may be relaxed when the information is exclusively within the defendant's knowledge as long as the factual basis for allegations based upon information and belief are adequately set forth". **DGM Investments, Inc. v. New York Futures Exchange, Inc., S.D.N.Y.2003, 265 F.Supp.2d 254, reconsideration denied 2003 WL 22420434.**

Rule requiring fraud to be stated with particularity must be read in conjunction with rule under which complaint need only give defendant fair notice of what plaintiffs claim is and grounds upon which it rests; moreover, if information surrounding allegations is peculiarly within knowledge of defendant, less detail is required in complaint. **Cadle Co. v. Schultz, N.D.Tex.1991, 779 F.Supp. 392.**

3. Misrepresentation

Blacksmith is entitled to modifications that increased the contract balances between BSE/BSPE and Cives. The Complaint alleges that Cives represented the extra work would be payable upon completion. The representations by Cives are factual as change requests, drawing changes, time and material signed slips for the work performed related to the actual changes, are based upon facts, not promises. The Plaintiff can demonstrate these facts, but need not do so within the Complaint pleadings.

4. Breach of Contract

The allegations in the Complaint are sufficiently pled. "In an action by seller for alleged breach of written contract for purchase of seller's business assets, including accounts and notes receivable, answer sufficiently alleged defense based on fraud in that seller falsely represented that notes and accounts were

collectable, that buyer had no knowledge that they were not collectable, and that buyer relied upon the representations. **Massey-Ferguson, Inc. v. Bent Equipment Co., C.A.5(Fla) 1960, 283 F.2d.12.**

"Failure to plead with particularity would not result in dismissal, but rather court would allow plaintiff opportunity to amend pleadings." **Nagle v. Merrill Lynch, Pierce, Fenner & Smith, Inc. S.D. Iowa 1992 790F.Supp.203.**

Both parties had pre-existing obligations to perform the contract. When Cives refused payment, this defendant breached the contract.

BSE had no pre-existing obligation to perform any work not shown by details in the contract drawings and identified within the specifications.

The Kenniston affidavit does not address any changes of the work in a complex large project, the field slips, extra work written and signed field orders, drawing revisions and changes introduced at the project that were performed by BSE and those extra work items performed by the completion contractor that Cives presumably will contend consumed the contract balances due BSE.

4.  Deceit

Deceit is also based upon the facts of actual changes to the scope or manner of the work not within the contract documents. Not promises. Facts are supported by the contract drawings, drawing changes, specifications, and modifications. Even an oral modification to an existing contract is enforceable. Proof of the additional work has been factually established. The Plaintiff need not prove every factual detail. The affidavit of Mr. Keniston proves the contract, but, does not address changes in the work.

The Defendant has requested and been granted a number of extensions of time within which to respond to the Complaint. At no time has there been an issue that the Complaint allegations are not understandable, vague, and

5

required a more definite statement. If this were the issue, then especially since the Complaint has not been answered, Plaintiff should have been asked for a "more definite" statement and be granted leave to amend and file a more definite statement. **Stick Corp. v. Penn Yam Exp, Inc., E,D. PA 1967, 62 F.R.D. 4 Federal Civil Procedure.** Instead the extensions of time have been for the purpose of establishing the facts, determine what can be agreed upon by way of informal discovery, to minimize legal fees and accomplish settlement without litigation.

"Purpose of requirement that fraud be plead with particularity is to ensure that fraud allegations are specific enough to provide sufficient notice of facts complained of so that defendants will be able to respond effectively, to eliminate those complaints filed as pretext to discovery of unknown wrongs, and to protect defendants from unfounded charges of wrongdoing that injure their reputation." **Florida Dept. Ins. V. Debenture Guar. M.D.Fla1996, 921 F.SDupp.750.**

The Note Blacksmith purchased from the lending bank permits Blacksmith to recover all receivables due BSE. This would necessarily include contract balances not paid, contract modifications, i.e., change requests, changes in the work, change orders, directives to BSE to perform additional work.

Modifications to a contract, i.e., promise to pay upon completion of the contract work depends upon factual performance of the work, and acceptance of the work, all pursuant to the project terms, construction specifications, etc. Every contract depends upon payment to avoid breach. Not oral but written contract. A modification to the contract, change requests, are also set forth in the project contract to which both Cives and the steel erector are bound. Not oral promises. Every contract is a

promise, a written option promise to perform or not perform.

## CONCLUSION

This action is properly before The United States District Court, District of Massachusetts. Two corporations are in two different states. The diversity minimum has been exceeded.

Blacksmith Investments, LLC has standing to reach the receivables of Boston Steel Erectors, Inc. Blacksmith Investments is not required to plead fraud with particularity as Cives has control of the facts, and the misrepresentations and deceit do not rise to the level of fraud that requires the pleadings requested. If the pleadings are considered not understandable, then a request for a more definite statement is in order. If the pleadings require additional factual allegations with particularity, this is not fatal to the Complaint. Plaintiff will amend the complaint accordingly.

The months of requested extensions of time within which to respond have been for the purpose of informal discovery in an effort to settle this action without litigation. Had, diversity, adequacy of pleading fraud, standing, and a more definite statement been issues, the same have not been voiced or addressed by Defendant's Counsel.

If Boston Steel Erectors is required to be added to the Complaint as a necessary party, Plaintiff will amend their Complaint, no Answer having been submitted by the defendant, at defendant's request.

Respectfully submitted,
Blacksmith Investments, LLC.
By their Attorney,

*/s/ Guy Guarino*

Guy G. Guarino
BBO NO. 213960
72 Country Club Way
Ipswich, MA   01938
(978) 356-7500
geguarino@comcast.net