UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BLACKSMITH INVESTMENTS, LLC.,    )
                                 )
            Plaintiff,           )
                                 )
    v.                           )            CIVIL ACTION
                                 )            NO. 04-10369-NG
CIVES STEEL CO., INC.,           )
NEW ENGLAND DIVISION,            )
                                 )
            Defendant.           )

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**

January 27, 2005

DEIN, U.S.M.J.

## I.  INTRODUCTION

The plaintiff, Blacksmith Investments, LLC ("Blacksmith"), has brought suit

against Cives Steel Corp. ("Cives") seeking to recover amounts allegedly due from Cives

to a non-party, Boston Steel Erectors, Inc. ("BSE"), under a construction contract.[1]  The

complaint sounds in three counts: breach of contract (Count I), misrepresentation (Count

II), and deceit (Count III).  Cives has moved to dismiss the complaint for failure to state a

claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  In addition,

Cives contends that the complaint should be dismissed pursuant to Rules 12(b)(1),

12(b)(3) and 12(b)(7) on the grounds that the complaint fails to establish the diversity

---

[1]  The complaint refers to Boston Steel Erectors and Boston Steel & Precast Erectors.  As there is no distinction made between the companies in the complaint, they will collectively and interchangeably be referred to as "BSE."

jurisdiction of this court, it fails to establish proper venue in this court, and the plaintiff

has failed to join a necessary party, namely BSE.  For the reasons detailed below, this

court recommends to the District Judge to whom this case is assigned that Cives' motion

to dismiss be ALLOWED, and that the complaint be dismissed without prejudice.

## II.  STATEMENT OF FACTS

When ruling on a motion to dismiss, the court must accept as true all well-pleaded

facts, and give the plaintiff the benefit of all reasonable inferences.  See Cooperman v.

Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999); Dartmouth Review v. Dartmouth Coll.,

889 F.2d 13, 16 (1st Cir. 1989).  Applying this standard to the instant case, the relevant

facts are as follows:

BSE, a non-party to this action, entered into a subcontract agreement with the

defendant, Cives, on July 17, 2002 for erection of  structural steel on the Manulife

Financial Center Building in Boston, Massachusetts.  (Contract at ¶ 1).[2]  According to the

complaint, BSE completed its work and invoiced Cives for the full amount due under the

contract.  (Complaint (Docket No. 1) at ¶ 17).  Cives paid BSE the sum of $3,671,390.03.

---

[2]  Cives has submitted a copy of the subcontract between Cives and BSE with the affidavit
of its Accounting Manager, Martin Keniston.  (Docket No. 7).  Although the contract is not
attached to the complaint, it may be considered in connection with the motion to dismiss.  Where,
as here, the "complaint's factual allegations are expressly linked to – and admittedly dependent
upon – a document (the authenticity of which is not challenged), that document effectively merges
into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule
12(b)(6)."  Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

(Id. at ¶ 11).  However, Cives allegedly has an outstanding balance due BSE in the amount of $213,973.79, which Blacksmith is seeking to recover.  (Id. at ¶¶ 12 and 13).

The factual basis for Blacksmith's claim that it is entitled to recover the amount that Cives allegedly owes to BSE is only hinted at in the complaint, and was clarified a bit at oral argument.  Specifically, at some point BSE took out a loan from Citizens' Bank and secured it with, inter alia, the monies due under the contract between Cives and BSE.  (Id. at ¶ 2).  BSE allegedly defaulted on this loan.  Subsequently, Blacksmith "paid the assignment and bank debt of [BSE] and in so doing [became the] signatory to a promissory note entitled to all the rights and remedies that the bank was entitled to as lien holder of [BSE]."  (Id.).  However, no details about the terms of either BSE's transaction with the bank, or Blacksmith's transactions with either the bank or BSE, are provided in the complaint.

In Count I of the complaint, Blacksmith alleges that Cives breached its contract with BSE by failing to pay the outstanding balance due BSE of $213,973.79.  (Id. at ¶ 14(a)).  Additionally, Blacksmith alleges that, "as lien holder" of BSE, Blacksmith is entitled to recover the contract balance.  (Id. at 14(c)).

In Count II, where Blacksmith alleges its claim for misrepresentation, Blacksmith alleges that Cives "represented [BSE] would be paid upon completion of their work in accordance with the terms of the Contract," BSE "reasonably relied upon the defendant that [BSE] would be paid in full" and Cives has failed to pay BSE or Blacksmith.  (Id. at

¶¶ 16-19).  Blacksmith further alleges that it is "entitled to recovery of those moneys" due

from Cives.  (Id. at ¶ 19(d)).

Finally, in Count III of the complaint, Blacksmith alleges that Cives is liable for

deceit because Cives "led [BSE] to believe that upon completion of their work that [BSE]

would be paid in full," BSE "reasonably relied" upon Cives' assertions that BSE would

be paid, and Cives "deceived [BSE] with regard to timely payment."  (Id. at ¶¶ 21-25).

Additional facts will be provided where appropriate.

### III.  DISCUSSION

#### A.    Lack of Subject Matter Jurisdiction

Cives has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for

lack of subject matter jurisdiction.  As Blacksmith has failed to plead sufficient facts to

establish the diversity jurisdiction of the federal court, this court recommends that the

motion to dismiss be allowed without prejudice.

Blacksmith has alleged only that "[t]he plaintiff, Blacksmith Investments, is a

limited liability corporation with offices at 11 Blacksmith Way, Saugus, Massachusetts"

and that Cives "is a steel fabricator with an [sic] usual place of business at Riverside

Drive, P.O. Box 859, Augusta, ME 04332."  (Complaint at ¶¶ 1, 3).  Even assuming that

these allegations relate to the parties' principal places of business, absent allegations as to

where the parties are incorporated, the allegations are insufficient to establish the

existence of diversity jurisdiction.

"It is the plaintiff's burden to prove the existence of subject matter jurisdiction."

Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).  Fed. R. Civ. P. 8(a)(1)

requires a complaint to contain "a short and plain statement of the grounds upon which

the court's jurisdiction depends, unless the court already has jurisdiction and the claim

needs no new grounds of jurisdiction to support it."  See also Mamber v. Second Fed.

Savings & Loan Ass'n of Boston, 275 F. Supp. 170, 171 (D. Mass. 1967) (failure to plead

jurisdictional basis results in dismissal of complaint).

"In the case of diversity jurisdiction, diversity must be complete; i.e., no two

parties on opposite sides of the 'versus' may be citizens of the same state."  Comstock v.

Pfizer Retirement Annuity Plan, 524 F. Supp. 999, 1002 (D. Mass. 1981).  "A

corporation is a citizen of both its place of incorporation and principal place of business"

and the complaint must show both.  See 28 U.S.C. § 1332(c)(1); Comstock, 524 F. Supp.

at 1002 n.4.  "The statute does not give the pleader an option of alleging that the

corporation's citizenship is its state of incorporation or alleging that it is the state where

the company's principal place of business is located; the pleader must denominate the

corporation as being a citizen of both states."  13B Wright, Miller & Cooper, Federal

Practice and Procedure (Juris. 2d) § 3624 (2004).  Thus, "[i]t is well-settled that in a

diversity action involving two corporations, the language of the complaint must include

explicit allegations of each party's place of incorporation and of each party's principal

place of business."  Jobbers Warehouse Serv. v. Maremont Corp., 453 F. Supp. 840, 841

(D. Mass. 1978).

Since the plaintiff has failed to allege the parties' states of incorporation (or even their principal places of business), it has not demonstrated the requisite diversity.[3] Consequently, this court recommends that the complaint be dismissed without prejudice, so that the plaintiff may properly allege the basis for diversity jurisdiction, if it exists. See Comstock, 524 F. Supp. at 1002.

**B.    Improper Venue**

Cives contends that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because it "fails to include a statement of proper venue under 28 U.S.C. § 1391(a)." (Cives Memo (Docket No. 6) at 1). However, 28 U.S.C. § 1391(a) merely identifies the proper venue for diversity actions; it does not impose any specific pleading requirements. Similarly, Fed. R. Civ. P. 8, which defines the "general rules of pleading," does not require that a statement be included as to the appropriate venue. Accordingly, Cives' motion to dismiss for failure to include a statement of venue must fail.

Moreover, a "district court may examine facts outside the complaint to determine whether its venue is proper," 5B Wright & Miller, Federal Practice and Procedure § 1352 (Civ. 3d) (2004), and a review of the complaint establishes that venue is proper in Massachusetts. In a diversity action such as this, assuming jurisdiction, venue properly

---

[3] Blacksmith cites Gray v. Univ. of Kansas Med. Ctr., Coll. of Health Sci., Sch. of Nursing, 715 F. Supp. 1041 (D. Kan. 1989), in support of its contention that it has sufficiently pleaded jurisdiction in this case. However, Gray specifically addresses the sufficiency of pleadings relating to whether the defendant was being sued in an individual or official capacity. Gray does not address jurisdictional pleading requirements.

lies in "(1) a judicial district where any defendant resides, if all defendants reside in the

same State, (2) a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, or a substantial part of property that is the subject of the

action is situated, or (3) a judicial district in which any defendant is subject to personal

jurisdiction at the time the action is commenced, if there is no district in which the action

may otherwise be brought."  28 U.S.C. § 1391(a) (2004).  In this case, since it is unclear

whether Cives is a resident of this district, the court must decide whether "a substantial

part of the events or omissions giving rise to the claim occurred" in Massachusetts.  See

Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 (1st Cir. 2001).  To make this

assessment, the court must look to "the entire sequence of events underlying the claim."

Id.

    Blacksmith alleges in the complaint that a contract was formed between BSE and

Cives to perform steel erection work on the Manulife Building in Boston, Massachusetts.

BSE did this work in Massachusetts and the dispute relates to whether BSE was paid in

full for this work.  It is clear, therefore, that "a substantial part of the events or omissions

giving rise to the claim" occurred in Massachusetts, and venue is proper here.  Moreover,

the purpose of the venue statue is "to protect the defendant against the risk that a plaintiff

will select an unfair or inconvenient place of trial."  Id. at 43 (quoting Leroy v. Great W.

United Corp., 443 U.S. 173, 183-84, 99 S. Ct. 2710, 61 L. Ed. 2d. 464 (1979)).  Cives

has not alleged that it would be prejudiced in any way by trial in Massachusetts, nor has

it argued that it is inconvenienced by having the litigation proceed here.  Thus, this court

recommends that Fed. R. Civ. P. 12(b)(3), improper venue, not be the basis for dismissal.

### C.    The Rule 12(b)(6) Motion to Dismiss

Cives has moved to dismiss all counts of the complaint under Fed. R. Civ. P.

12(b)(6) for "failure to state a claim upon which relief can be granted."  Specifically,

Cives contends that Blacksmith can prove no set of facts in support of its claims for

breach of contract, misrepresentation, and deceit which would entitle it to relief.  Cives

further argues that the claims for misrepresentation and deceit should be dismissed

because Blacksmith has failed to plead fraud with the specificity required under Fed. R.

Civ. P. 9(b).  Since these issues are likely to arise again if the plaintiff can establish

diversity jurisdiction, they will be addressed briefly.

### 1.    Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings.

Thus, when confronted with a motion to dismiss the court accepts as true all well-pleaded

facts and draws all reasonable inferences in favor of the plaintiff.  Dartmouth Review,

889 F.2d at 16.  "Dismissal under Fed. R. Civ. P. 12(b)(6) is only appropriate if the

complaint, so viewed, presents no set of facts justifying recovery."  Cooperman, 171 F.3d

at 46; Conley v. Gibson, 355 U.S. 41, 45-48, 78 S. Ct. 99, 101-103, 2 L. Ed. 2d 80

(1957).

Under Fed. R. Civ. P. 8(a), a plaintiff is required to submit "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

Plaintiffs are only obligated to set forth in their complaint "factual allegations either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." Raytheon Co. v. Continental Casualty Co., 123 F. Supp. 2d 22, 27 (D. Mass. 2000) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). "The Rules 'do not require a claimant to set out in detail the facts upon which he bases his claims.'" Id. (quoting Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)).

Applying these principles to the instant case, this court concludes that the claims should be dismissed.

### 2.    Breach of Contract Claim

Cives contends that Count I of the complaint for breach of contract should be dismissed because the plaintiff Blacksmith is not a party to the contract, and the contract which the plaintiff is seeking to enforce expressly provides that it cannot be assigned without Cives' consent, which has not been granted. Thus, the Cives/BSE contract provides:

> Subcontractor [BSE] ... shall not assign or transfer the Subcontract,
> or funds due hereunder, without the prior written consent of
> Contractor [Cives] and Subcontractor's surety.

(Contract at ¶ 16).

Due to the lack of any adequate information in the complaint as to the circum-stances or terms by which Blacksmith purports to have acquired its interest in the

Case 1:04-cv-10369-NG    Document 14    Filed 01/27/2005    Page 10 of 17

contract, this court recommends that the motion to dismiss be allowed.  Despite the

liberal pleading requirements of Fed. R. Civ. P. 8(a), the complaint fails to set forth

sufficient allegations to establish that Blacksmith is entitled to relief because it contains

no information which would invalidate the non-assignment clause.  While there are

circumstances where such clauses are not enforceable, see, e.g., Mass. Gen. Laws

ch. 106, § 9-407 (non-assignment clause ineffective in a promissory note), it cannot be

determined from the face of the complaint that there is a basis to ignore the non-

assignment clause here.  Therefore, dismissal without prejudice is appropriate.  A more

definite determination as to whether the non-assignment clause in the construction

contract precludes the instant suit by Blacksmith should await further pleadings.

### 3.    Misrepresentation and Deceit Claims

Cives has moved to dismiss Counts II (misrepresentation) and III (deceit) of the

complaint on the grounds that they fail to state a claim upon which relief can be granted

and because the plaintiff has failed to plead fraud with particularity as required by Fed.

R. Civ. P. 9(b).  For the reasons detailed below, this court recommends that the motion to

dismiss these counts be allowed as well.

### a.    Sufficiency of the Pleadings

In connection with its claims for misrepresentation and deceit, Blacksmith alleges

that the defendant misrepresented that BSE would be paid for its work.  (Complaint at

¶ 19(a)).  Specifically, in connection with its misrepresentation claim plaintiff has alleged

that "[d]efendant represented [BSE] would be paid upon completion of their work in

-10-

accordance with the terms of the Contract" (id. at ¶ 16), BSE completed the contract work

and extras (id. at ¶ 17), BSE "reasonably relied upon the defendant that [BSE] would be

paid in full" (id. at ¶ 18), and BSE has not been paid for the contract and extra work. (Id.

at ¶ 19).  In connection with its claim for deceit, Blacksmith has added that "[d]efendant

led [BSE] to believe that upon completion of their work, that [BSE] would be paid in

full" (id. at ¶ 21), BSE "reasonably relied upon the Cives assertions that [BSE] would be

paid" (id. at ¶ 22), BSE has not been paid in full (id. at ¶ 23), "[d]efendant has deceived

[BSE] with regard to timely payment" (id. at ¶ 24), and BSE "has been damaged as a

result of [d]efendant's acts and conduct." (Id. at ¶ 25).  These allegations are insufficient

to support the claims of misrepresentation and deceit.

As an initial matter, it must be noted that Blacksmith is relying on basically the

same allegations in both counts of its complaint.  Since "the tort of misrepresentation [is]

also referred to as fraud or deceit," the same elements are required to be alleged in both

Counts II and III of the instant complaint.  Damon v. Sun Co., Inc., 87 F.3d 1467, 1471

(1st Cir. 1996).  Accord Yerid v. Mason, 341 Mass. 527, 529, 170 N.E.2d 718, 719 (1960)

(the same standard is applied to actions for misrepresentation and deceit).  To sustain its

claims, Blacksmith "must allege and prove that the defendant made a false representation

of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to

act thereon, and that the plaintiff relied upon the representation as true and acted upon it

to his damage." Barrett Assoc., Inc. v. Aronson, 346 Mass. 150, 152, 190 N.E.2d 867,

868 (1963) (internal quotations omitted).  "A statement on which liability for misrepre-

sentation may be based must be one of fact, not of expectation, estimate, opinion, or judgment." Zimmerman v. Kent, 31 Mass. App. Ct. 72, 79, 575 N.E.2d 70, 76 (Mass. App. Ct. 1991). Thus, "false statements of opinion, of conditions to exist in the future, or of matters promissory in nature are not actionable." Yerid v. Mason, 341 Mass. at 530, 170 N.E.2d at 720.

The allegations of the complaint are insufficient to support Blacksmith's claims for a number of reasons. First of all, the plaintiff must prove that it relied on the alleged misrepresentation. See Zimmerman v. Kent, 31 Mass. App. Ct. at 77, 575 N.E.2d at 74. In the instant case, the complaint makes it clear that the plaintiff Blacksmith was not involved in the contract under which it is seeking to collect, and clearly did not participate in the alleged conversations on which the misrepresentation and deceit claims are based. Since the complaint fails to allege the material element of reliance, it should be dismissed.

Secondly, the complaint fails to allege that the statements as to Cives' future conduct (i.e., Cives would pay BSE at the end of the contact for work performed) were false when made. See Restatement (Second) of Contracts § 171(a) and cmt. (b) (1981). Cives' intention not to perform in the future cannot be established merely by its subsequent non-performance. Id. at cmt. (b). Since the allegations merely relate to an expression of "expectation, estimate, opinion or judgment" and not to a statement of fact, Counts II and III should be dismissed.

-12-

### b.   Pleading Fraud with Particularity

Cives also argues that the complaint should be dismissed because Blacksmith has

failed to plead fraud with particularity, as required under Fed. R. Civ. P. 9(b).

Blacksmith contends that it has met the pleading requirements because it has not alleged

fraud as a count in the complaint, and because the pleading requirements for fraud are

relaxed when the facts on which the allegations are based are exclusively within the

defendant's control.  For the reasons detailed herein, this court recommends that these

counts be dismissed for failure to plead fraud with particularity.

Fed. R. Civ. P. 9(b) requires "in all averments of fraud or mistake, the circum-

stances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P.

9(b).  Despite the plaintiff's argument to the contrary, this pleading requirement applies

to claims of misrepresentation, as well as those labeled "fraud."  Powers v. Boston

Cooper Corp., 926 F.2d 109, 111 (1st Cir. 1991) and cases cited.  See also Jurgens v.

Abraham, 616 F. Supp. 1381, 1386 (D. Mass. 1985) (not necessary to use the word

"fraud" to state a claim of fraud).

"The clear weight of authority is that Rule 9 requires specification of the time,

place and content of an alleged false representation, but not the circumstances or

evidence from which fraudulent intent could be inferred."  McGinty v. Beranger

Volkswagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980), and cases cited.  In the instant case,

there is no specificity as to any of those elements — the complaint does not allege who

made the statements, who relied on them, where or when they were made, or even the

contents of the allegedly misleading comments.  Under such circumstances, the complaint

should be dismissed.

Finally, Blacksmith's argument that the requirements for pleading fraud are

relaxed when the facts relating to the alleged fraud are in control of the defendant fails in

light of the deficiencies of the complaint. "[C]ourts have uniformly held inadequate a

complaint's general averment of the defendant's 'knowledge' of material falsity, unless

the complaint *also* sets forth specific facts that make it reasonable to believe that

defendant knew that a statement was materially false or misleading." Greenstone v.

Cambex Corp., 975 F.2d 22, 25 (1st Cir. 1992).  Furthermore, "[t]he requirement that

supporting facts be pleaded applies even when the fraud relates to matters peculiarly

within the knowledge of the opposing party." Id. (quoting Romani v. Shearson Lehman

Hutton, 929 F.2d 875, 878 (1st Cir. 1991) and additional cases cited).  Therefore, even

assuming that the alleged fraud relates to matters peculiarly within Cives' knowledge, the

total absence of supporting facts mandates the conclusion that Counts II and III should be

dismissed.

### D.    Failure to Join BSE as an Indispensable Party

Cives argues that the complaint should be dismissed pursuant to Fed. R. Civ. P.

12(b)(7) because Blacksmith has failed to join BSE as a necessary party to the action.

Cives contends that under the contract claims, BSE is a necessary party because it has the

ability to sue on the contract, leaving Cives open to a "substantial risk of incurring double

or inconsistent liability." (Cives Memo at 6).  Blacksmith asserts that BSE is not a

necessary party because it is entitled to enforce the rights of  BSE, and has the capacity to

recover damages between Cives and BSE.  Because the terms by which Blacksmith

acquired the right to enforce BSE's contractual rights are unknown to the court at this

time, it is premature to determine whether BSE must be joined as an indispensable party.

    "The question of whether [BSE] is an indispensable party is governed by Rule 19,

Fed. R. Civ. P.  This is a two part inquiry.  First, the party must be a necessary party

under Rule 19(a) . . . , and then it must be an indispensable party under Rule 19(b)."

United States v. San Juan Bay Marina, 239 F.3d 400, 405 (1ˢᵗ Cir. 2001) (citations

omitted).  In the instant case, Cives does not reach the issue whether BSE is an

indispensable party, but argues that BSE is a necessary party under Rule 19(a) and that its

absence requires dismissal of the complaint.  Rule 19(a) provides in relevant part that a

person shall be joined as a necessary party if:

> (1) in the person's absence complete relief cannot be accorded
> among those already parties, or (2) the person claims an interest
> relating to the subject of the action and is so situated that the
> disposition of the action in the person's absence may (i) as a
> practical matter impair or impede the person's ability to protect that
> interest or (ii) leave any of the persons already parties subject to a
> substantial risk of incurring double, multiple, or otherwise
> inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

    As a general statement, "[i]t is well established that a party to a contract which is

the subject of the litigation is considered a 'necessary' party."  Sever v. Glickman, 298 F.

Supp. 2d 267 (D. Conn. 2004); and cases cited.  Blacksmith argues that the terms of its

involvement would protect Cives from any claims by BSE.  Since, however, the terms of

Blacksmith's involvement are not presently before the court, it is premature to address the

need to include BSE.  "A defense of failure to join an indispensable party, Fed. R. Civ. P.

12(b)(7), may be made at any time before the end of trial.  Fed. R. Civ. P. 12(h)(2)."

Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 184 F. Supp. 2d 55, 77

(D. Mass. 2001).  Therefore, Cives has the ability to renew its motion at an appropriate

time, and this court recommends that the motion to dismiss insofar as it is based on Fed.

R. Civ. P. 12(b)(7) be denied without prejudice.

## IV.  CONCLUSION

For all the reasons detailed herein, this court finds that the complaint fails to

establish diversity jurisdiction in this court, fails to state a claim upon which relief can be

granted, and fails to allege fraud with the required particularity.  Therefore, this court

recommends to the District Judge to whom this case is assigned that Cives' motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Docket No. 5) be allowed, and

that the complaint be dismissed without prejudice.[4]

---

[4]  The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party
who objects to these proposed findings and recommendations must file a written objection thereto
with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommenda-
tion.  The written objections must specifically identify the portion of the proposed findings,
recommendations or report to which objection is made and the basis for such objections.  The
parties are further advised that the United States Court of Appeals for this Circuit has repeatedly
indicated that failure to comply with this Rule shall preclude further appellate review.  See
Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v.
Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

F.2d 603, 604-605 (1st Cir. 1980); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  <u>Accord</u> <u>Phinney v. Wentworth Douglas Hosp.</u>, 199 F.3d 1, 3-4 (1st Cir. 1999); <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-51 (1st Cir. 1994); <u>Santiago v. Canon U.S.A., Inc.</u>, 138 F.3d 1, 4 (1st Cir. 1998).